IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVE N. ANDERSON, #1248902,   ) | |
|       Petitioner,                  ) | |
| ) | |
| v.                                    ) | 3:06-CV-2267-M |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director,   ) | |
| Texas Department of Criminal Justice,   ) | |
| Correctional Institutions Division,        ) | |
|       Respondent.               ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Coffield Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Tennessee Colony, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process pending preliminary screening.

Statement of Case: In 1998, Petitioner pled guilty to the offense of aggravated robbery in the 195th Judicial District Court of Dallas County, Texas, in Cause No. F97-53114. *Anderson v. State*, No. 05-04-00897-CR (Tex. App., Dallas, Jun. 17, 2005), http://www.courtstuff.com/cgi-bin/as_web.exe?c05_05.ask+D+9334231. The trial court entered an order of deferred

adjudication, and placed him on a ten-year term of community supervision/probation. *Id.* Thereafter, the State filed a motion to adjudicate guilt. *Id.* On June 13, 2004, the trial court revoked Petitioner's probation, adjudicated him guilty and sentenced him to twenty-five years' imprisonment. *Id.*; see also Federal Petition (Pet.) at 2. Petitioner appealed. The court of appeals overruled Petitioner's sole ground, that the indictment was fundamentally defective, and affirmed the trial court's judgment. *Anderson v. State*, No. 05-04-00897-CR (Tex. App., Dallas, Jun. 17, 2005, pet ref.). The Texas Court of Criminal Appeals (TCCA) refused a petition for discretionary review on February 15, 2006. *See* No. PD-1018-05.

On May 8, 2006, Petitioner filed a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure, in the trial court, challenging the conviction at issue in this case. *See* No. W97-53114-A (Attachment I). On August 16, 2006, the TCCA denied the state application without written order. *Ex parte Anderson*, WR-65,281-01, http://www.cca.courts. state.tx.us/opinions/Case.asp?Filing ID=244732 (docket sheet information generated Jan.16, 2007) (Official internet site of the Texas Court of Criminal Appeals).

On December 8, 2006, Petitioner filed this federal petition, challenging his underlying guilty plea. Specifically, he alleged as follows: (1) ineffective assistance of trial and appellate counsel with respect to the indictment; (2) lack of jurisdiction because the indictment was not presented in open court, and (3) violation of the speedy trial act.[1]

<u>Findings and Conclusions</u>: The Antiterrorism and Effective Death Penalty Act of 1996

---

[1] For purposes of this recommendation, the petition is deemed filed on December 4, 2006, the date Petitioner signed his federal petition, and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

(AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, ___ U.S. ___, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in process issued cases).[2]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner alleges no state-created impediment under 28 U.S.C. § 2244(d)(1)(B) that prevented him from timely raising his grounds for relief. Nor does he base his grounds on any new constitutional right under subparagraph (C).

With regard to subparagraph (D), the Court determines that the facts supporting his grounds became known no later than the date on which Petitioner's deferred adjudication

---

[2] On January 16, 2007, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain whether his case was barred by the limitations period or whether the statute of limitations should be tolled on equitable grounds. Petitioner filed a response to the Court's show cause order on February 15, 2007.

probation order was entered.  Petitioner sets out alleged deficiencies which occurred at or prior to the time he entered his plea of guilty – namely that the indictment was not presented in open court (grounds two and three, couched in terms of ineffective assistance of counsel), and that he was denied the right to a speedy trial (ground three).  All occurred in his presence and/or in open court.  As part of his plea, Petitioner even waived (1) his right to be tried upon an indictment returned by a grand jury and (2) "any and all defects, errors, or irregularities, whether of form or substance, in the charging instrument." *Anderson v. State*, No. 05-04-00897-CR, slip op. at 1.

In *Caldwell v. Dretke*, 429 F.3d 521, 526-29 (5th Cir. 2005), the Fifth Circuit held that an order of deferred adjudication probation following a plea is a final judgment for purposes of 28 U.S.C. § 2244(d)(1)(A) upon the expiration of the time for seeking direct review.  The Circuit noted that "[u]nder Texas law, a defendant must file a notice of appeal 'within 30 days after the day sentence is imposed or suspended in open court.'" *Id.* (quoting Tex. R. App. P. 26.2(a)(1) (effective Sept. 1, 1997).

Applying *Caldwell*'s holding to this case, Petitioner's deferred adjudication probation became final for purposes of 28 § 2244(d)(1)(A) in 1998, thirty days after Petitioner pled guilty and the trial court placed him on deferred adjudication probation.  Thus, the limitations period expired one year later in 1999.

Petitioner filed this federal habeas petition on December 4, 2006, more than seven years after the one-year limitation period expired.  Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, Petitioner's art. 11.07 application was not pending in state court during the one-year period.  Therefore, Petitioner's claims challenging his original plea are time barred unless the one-year period is tolled on equitable grounds.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). Equitable tolling applies only in cases presenting "rare and exceptional circumstances." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Further, "equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

It is unsurprising that Petitioner took no action to raise the claims related to his underlying guilty plea prior to the revocation of his deferred adjudication probation. By any standard he obtained a very favorable disposition of the criminal charge in avoiding a prison term despite the offense charged.

Even if Petitioner was unaware of his appeal rights stemming from the order placing him on deferred adjudication probation, this is insufficient to warrant application of equitable tolling. Mere ignorance of the law is not a circumstance warranting application of equitable tolling. *Fisher*, 174 F.3d at 714 ("Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling). Therefore, Petitioner is not entitled to equitable tolling and the petition should be dismissed as time barred.

RECOMMENDATION:

For the foregoing reasons it is recommended that the habeas corpus petition be DISMISSED with prejudice as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 9th day of April, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT  I**